W. W. STOKES, Next Friend of Wilma Stokes, Appellant,
v. THE CITY OF SAC CITY, IOWA, Appellee.

**Evidence:** HARMLESS ERROR.  In this action for injuries caused by
the fright of a horse at an alleged nuisance permitted to be
maintained on a city street, the rejection of testimony that the
horse was running away when he first saw it, in response to a
question whether it was then loping, was not prejudicial, where
the witness had been permitted to previously so testify, and, as
the same might have been refused as not responsive.

**Same.** On the question as to whether plaintiff's horse was actually
2 frightened at the alleged nuisance maintained in the street with
consent of the city, the testimony of witnesses that they had
driven their horses by the nuisance without fright was improper;
but its admission was not reversible error because of its remote
bearing on the question.

**Municipal corporations:** NUISANCE: ACTION FOR DAMAGES: INSTRUC-
3 TIONS. Instructions that· if plaintiff's horse was frightened at
some other object than the alleged nuisance plaintiff could not
recover, and that if the jury found that the horse was not fright-
ened thereat it need proceed no further but return a verdict for
defendant, were proper, and were not ground for complaint by
plaintiff in this case, as they were in substantial accord with those
requested.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH,.
Judge.

WEDNESDAY, MAY 15, 1912.

ACTION at law to recover damages for injuries received
by Wilma Stokes, due to being thrown from a buggy; the
horse to which it was hitched having become frightened, as
is claimed, by reason of a show wagon, which was allowed
to remain on one of the streets in the defendant city. Trial
to a jury, verdict and judgment for defendant, and plaintiff
appeals.—*Affirmed.*

*Chas. D. Goldsmith* and *Maurice O' Connor* for appel-
lant.

*W. H. Hart* and *W. A. Helsell* for appellee.

DEEMER, J.—Another case of the same title, brought
by the mother of the plaintiff against the defendant city,
growing out of the accident in question, came to this court
on appeal, and a judgment for the defendant was reversed
because of errors committed upon the trial. The opinion,
which will be found in 151 Iowa at page 10, contains a

full recitation of the facts from plaintiff's standpoint. The verdict in this case was also for the defendant, and the plaintiff on this appeal presents many reasons for reversing the judgment rendered upon the verdict. We shall not set forth the facts, as plaintiff claims them to be, at any great length; for these are recited in the former opinion, to which reference is made. It is enough to say that on the trial of this case, as upon the former one, plaintiff claimed that the horse, which was hitched to the buggy from which she was thrown, became frightened at the circus wagon, which, it is claimed, was carelessly and negligently permitted to remain at the corner of Fifth and Main streets in the defendant city, and to be used for the purpose of exhibiting a peculiar kind of hog; a fee being charged to those who cared to gratify their curiosity. On the appeal of the former case, it was held that the defendant was responsible for the position of the wagon, and that a jury might well have found its presence at the corner of these two principal streets of the town was a nuisance. For this reason, we need not reconsider this proposition.

On the trial of this second case, the defendant asked that this special interrogatory be submitted to the jury: "Was the horse which was drawing Wilma Stokes frightened because the wagon stood at the corner of Main and Fifth streets in the defendant city on September 10, 1909?" The request was granted, and in response thereto the jury answered, "No"; this answer being returned with a general verdict for defendant. This interrogatory was either drawn in a hurry and somewhat unskillfully, or with much art, for the purpose of getting an answer, which, on its face, would be favorable to defendant, and yet not controlling in the minds of the jurors. Its peculiarities will be noticed upon a careful reading. However, in view of the nature of the testimony adduced in support of the issues tendered, we are constrained to hold that the jury was not misled, and that the answer to the interrogatory was an express finding

that the horse did not frighten at the wagon, or because
of the odors emanating therefrom, but that, if it became
frightened at all, it was at an automobile, which was in
the street some distance from where it passed the circus
wagon.   The storm center on the trial was over the question
as to whether the horse, because of the presence of the
wagon which contained the hog, or for some other reason,
became frightened; and the only witness who testified di-
rectly to the fact that the horse became frightened at the
wagon was the mother of Wilma Stokes, who was driving
the animal.   Many witnesses for the defendant testified
that the horse passed the wagon without giving any evidence
of fright; and defendant's claim is that the horse had been
hitched near where the circus parade had passed in the
morning, had remained tied long after his regular noon
meal, was somewhat restive, and that when plaintiff's
mother unhitched and started home the horse was hungry,
anxious to get away, and that when he started in that di-
rection he broke into a trot or lope, and, after having
passed the wagon in question without showing any signs
of fright he shied at an automobile, and the driver, becom-
ing frightened, attempted to turn into an alley, and in so
doing struck a pile of stone and upset the buggy.   It was
incumbent upon plaintiff to show that the nuisance com-
plained of was the cause of the injury; that is to say, that
the horse became frightened thereat, ran away, and thus
caused plaintiff's injuries.   Fairly construed, the answer
to the interrogatory propounded was a negation of the
claim that the horse became frightened at the wagon, or
because of its presence at Fifth and Main streets.   This
being true, there should be no reversal, unless for some
error which we may say had some effect upon the jury's find,
ing; and to these propositions we must confine ourselves
on this appeal.   Most of the alleged errors have reference
to rulings relating to the appearance of the wagon and the
plaintiff's conduct and demeanor, which, of course, are of

no consequence, if the horse did not become frightened at or because of the presence of the wagon. Plaintiff might well have been permitted to testify that she never before had had any trouble with the horse; but this would have had a very remote, if any, bearing upon the question as to what frightened it.

A witness, who saw the horse a block away from where the wagon was, said that he saw the horse coming, and that it was running away; that Mrs. Stokes was driving it; and that he rushed out and tried to head it off.

1. EVIDENCE: harmless error.

On cross-examination he was asked as to where he first saw the horse, and as to whether it was then "loping." In answer to the latter question, he said the horse was running away; that it was a runaway. On motion of counsel who was examining him, this answer was stricken as an opinion or conclusion of the witness. The ruling might well have been the other way; but it was without prejudice. The witness had already testified, without objection, that the horse was running away, and the striking out of his answer upon cross-examination was without prejudice; indeed, the ruling might well have been based upon the ground that the answer was not responsive.

Several witnesses were permitted to testify, over plaintiff's objections, that their horses which they drove by the wagon in question, and others which they saw driven by on that day did not frighten. This testimony

2. SAME.

was doubtless taken for the purpose of showing whether the wagon, with its contents, was a nuisance of which the officials of the defendant should have had notice, and for the further reason that defendant would not be liable if the wagon was one which did not and would not frighten horses of ordinary quietness. It had a very remote bearing upon the question as to whether or not the animal which plaintiff's mother was driving was actually frightened by the wagon. The admission of the testimony

although erroneous, should not reverse the case because of its very remote bearing upon the question as to what frightened the horse.

II.   Coming, now, to the instructions, the chief complaint is of those relating to the character of the wagon and its contents, which as will be observed, is an entirely immaterial matter, in view of our construction of the answer to the special interrogatory. The ninth and tenth are keys to the verdict and, although they are complained of, they seem to us to be correct.   They read as follows:

3. MUNICIPAL
CORPORATIONS:
nuisance:
action for
damages:
instructions.

(9)   If you find from the evidence that the horse attached to the carriage in which plaintiff was riding did not become frightened at the cage or wagon or animal contained therein, but became frightened at some other object or some other cause, then she can not recover in this action.

(10)   If you find from the evidence that the horse attached to the carriage in which the plaintiff was riding was not frightened at the cage or wagon or animal contained therein, you need proceed no further, but return a verdict for the defendant.

The thirteenth, also bearing upon the same proposition, is complained of.   It is as follows:

(13)   If you find by a preponderance of the evidence that, at about the time and place stated in the plaintiff's petition, the defendant, Sac City, by its officers, after notice of the fact or after such a length of time that it should have known of the fact, permitted a wagon or cage containing an animal to be and remain upon its streets, that such cage or wagon was a nuisance, and of such character as to frighten horses, and that, while driving along the street passing said wagon or cage the horse attached to the carriage in which the plaintiff was riding became frightened at said wagon or cage or the animal contained therein and ran away, throwing the plaintiff out and injuring her, then the defendant would be liable, and you should find for the plaintiff.

This instruction is a correct expression of the law.

Indeed, it closely follows one asked by the plaintiff and she has no just ground for complaint. But for the answer to the special verdict, which has support in the testimony, and which, in itself, called for a verdict for the defendant, we should have had trouble in disposing of some of the points for appellant. On the record as it stands however, we are not justified in interfering.

There being no prejudicial error, the judgment must be, and it is, *affirmed*.